# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

No. 14-40995

UNITED STATES OF AMERICA, ex rel, JOSHUA HARMAN,

     Plaintiff

v.

TRINITY INDUSTRIES, INCORPORATED; TRINITY HIGHWAY
PRODUCTS, L.L.C.,

     Defendants - Appellees

v.

THE CENTER FOR AUTO SAFETY; THE SAFETY INSTITUTE,
INCORPORATED,

     Appellants

---

Appeal from the United States District Court
for the Eastern District of Texas Case
USDC No. 2:12-CV-89

---

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-40995

This is an appeal of the district court's denial of a motion to intervene in a False Claims Act case concerning alleged false representations regarding guard rail specifications. The United States, by and through Relator Joshua Harman, (collectively "United States") brought suit against Trinity Industries, Inc., and Trinity Highway Products, LLC, (collectively "Trinity") regarding undisclosed and improper modifications to guardrail ends. The modifications have led to malfunctions and safety issues. In August 2014, The Center for Auto Safety and the Safety Institute (collectively "Safety Groups") moved to intervene under Rule 24(b) of the Federal Rules of Civil Procedure for the limited purpose of seeking to unseal documents filed in this case. The district court denied the motion to intervene with little explanation and then denied the motion to unseal because the Safety Groups lacked standing. The Safety Groups then filed the present appeal.

A $175 million verdict was rendered against Trinity after trial in October of 2014. The United States then moved to unseal the documents and the Safety Groups filed another motion to intervene. The district court subsequently granted the United States' motion to unseal the record, but denied without prejudice the second motion to intervene on the basis that its order unsealing the record made it largely moot.[1]

Following oral argument on January 8, 2015, the parties filed various letters pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure. Of particular significance is the 28(j) letter filed by the Safety Groups on March 6, 2015, asserting that this appeal is not now moot. We disagree. The Safety Groups sought to intervene for "the limited purpose of seeking to unseal documents filed in the case." The district court has now ordered those documents to be unsealed. Although the district court failed to specify its

---

[1] Trinity has appealed the district court's order unsealing the record, (No. 15-40337).

No. 14-40995

reason for the denial of the first motion to intervene, it has since ordered the relief that formed the basis for the motion. This appeal is limited to the order entered in the district court on September 4, 2014, denying the first motion to intervene. The Safety Groups have now appealed the district court's denial of the second motion to intervene and that appeal remains pending.

For the reasons set out herein, this appeal is **DISMISSED**.