# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2015

No. 15-40459
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, ex rel, JOSHUA HARMAN

Plaintiff - Appellee

v.

TRINITY INDUSTRIES, INCORPORATED; TRINITY HIGHWAY PRODUCTS, L.L.C.,

Defendants - Appellees

v.

THE CENTER FOR AUTO SAFETY; THE SAFETY INSTITUTE, INCORPORATED,

Movants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-89

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40459

Appellants The Center for Auto Safety and The Safety Institute, Inc. appeal the district court's denial of their second motion to intervene. As explained in our decision affirming the denial of their first motion to intervene,[1] Appellants seek to intervene for the limited purpose of unsealing the record. The district court concluded that Appellants' motion was moot because it had already granted Relator Joshua Harman's motion to unseal the record. Appellants counter that their motion is not moot because the district court's order granting this relief was neither final nor unappealable—and has been appealed by Appellees Trinity Industries, Inc. and Trinity Highway Products, L.L.C. Assuming without deciding that Appellants are correct, the district court's order has since become final and unappealable, as this Court recently granted Appellees' motion to voluntary dismiss their interlocutory appeal of the unsealing order.[2] As a result, Appellants' second motion to intervene is now indisputably moot,[3] and we **DISMISS** this appeal.

---

[1] *See United States ex rel. Harman v. Trinity Indus., Inc.*, 599 F. App'x 193, 193 (5th Cir. 2015).

[2] No. 15-40337, Dkt. 83.

[3] *Jackson v. Johnson*, 217 F.3d 360, 364-65 & n.20 (5th Cir. 2000) (recognizing that a "case becomes moot on appeal once appellant has received all of the relief requested").